## Martha Smith, Plaintiff in Error, v. Beulah Plew, Defendant in Error.

1. CONTRACTS—*when grandparent cannot recover from grand- child for support.* Where a grandparent took a grandchild two years of age to live with her on the death of the child's mother and it is apparent that the child lived as a member of the grandparent's family without any expectation of making compensation, the fact that the child has received a small legacy will not permit the grandparent to recover pay from the child for the child's support.

2. APPEAL AND ERROR—*when proposition of law will not be re- viewed.* When a grandparent sues a grandchild to recover for sup- port and, from the family relation, no other judgment than for de- fendant can be rendered, propositions of law submitted by the plaintiff will not be reviewed.

Error to the Circuit Court of Edgar county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed June 5, 1912.

F. W. DUNDAS, for plaintiff in error.

H. S. TANNER, for defendant in error.

MR. PRESIDING JUSTICE THOMPSON delivered the opin- ion of the court.

Martha Smith, plaintiff in error, brought suit against Beulah Plew to recover for board, lodging and main- tenance of the defendant for five years prior to the beginning of the suit. The cause was submitted to the court without a jury, and after hearing the evidence a judgment was rendered in favor of the defendant.

The evidence shows that Beulah Plew, defendant in error, was twelve years of age in 1911. When she was seventeen months old, her mother, a daughter of plain- tiff in error, died and the defendant together with her little brother lived with Mrs. Plew, their grandmother, for a few months. About a year after the death of Beulah's mother, her father married again and has children by his second wife. Plaintiff in error, the

other grandmother, the mother of defendant's mother, by an arrangement with Mrs. Plew took Beulah to live with her when Beulah was about two years of age and she has lived with plaintiff in error ever since that time, and the boy lived with Mrs. Plew until his death in 1910. Plaintiff in error testified, "I didn't charge for nothing, I just took the little child, because she was put to the mercies of the world" and frequently expressed her fear that Beulah's father would take the child home and she would have to live with her stepmother. The fact that Beulah had recently received a small legacy is no reason for the plaintiff in error recovering pay for Beulah's support. The evidence is clear that Beulah has lived with her grandmother, plaintiff in error, all the time as a member of her grandmother's family without any expectation on the part of the plaintiff in error that she would receive any compensation for Beulah's support.

While some of the propositions of law submitted by plaintiff in error stated abstract propositions correctly, they were not applicable to the case. It is not necessary to review them, since under the evidence no other judgment than the one rendered could be sustained.

The judgment is affirmed.

*Affirmed.*